IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| KURT DUANE WILLIAMS, | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| vs. | § | CASE NO. 2:20-CV-285-Z-BR |
| | § | |
| CITY OF AMARILLO-JARED | § | |
| MILLER, CITY MANAGER; | § | |
| AMARILLO POLICE DEPARTMENT- | § | |
| PARKING ENFORCEMENT; and | § | |
| AMARILLO TOWING, | § | |
| | § | |
| *Defendants* | § | |

**DEFENDANT AMARILLO TOWING INC.'S (INCORRECTLY NAMED AS AMARILLO TOWING) MOTION FOR LEAVE TO FILE MOTION AND BRIEF IN SUPPORT OF DISMISSAL
FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE <u>GRANTED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)</u>**

TO THE HONORABLE COURT:

Defendant Amarillo Towing, Inc. ("Amarillo Towing") files this its Motion for Leave to file a Motion and Brief in Support of Dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and would respectfully show the Court as follows:

### I.     Background

Plaintiff filed a Complaint on December 11, 2020. *See* Document 3. Defendant Amarillo Towing was served with process on August 31, 2021. *See* Document 10. Plaintiff filed a Motion for Default Judgment on October 12, 2021. *See* Document 13. Default Judgment has not been entered in this case against Defendant.

**II.     Motion for Leave to file a Motion and Brief in Support of Dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)**

The filing of Defendant's Motion and Brief in Support of Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) was delayed as upon information and belief, the reporting of the claim to the handling insurance adjuster was delayed due to miscommunication and initial failure to locate the correct covering insurance policy. Delay is also due Defendant's efforts to secure local counsel in compliance with Local Rule 83.10.

In this case, delay was not willful, but rather due to excusable neglect[1], namely miscommunication and an attempt to comply with the local rules. FED. R. CIV. P. 6(b)(1)(B). "Excusable neglect is an 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Zamarripa v. Farrakhan*, 3:16-CV-3109-S-BH, 2019 U.S. Dist. LEXIS 34913, at *6 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993)).

The factors Courts consider when determining whether neglect was excusable are *(*1) "the danger of prejudice to the [opposing party]"; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within the reasonable control of the movant"; and (4) "whether the movant acted in good faith." *Pioneer,* 507 U.S. 380 at 395. In this case, Plaintiff has not been prejudiced. Allowing Defendant to proceed with its Motion will do *"*no harm to plaintiff except to require it to prove its case." *Gen.*

---

[1]   "[Excusable neglect] extends to 'simple, faultless omissions to act and, more commonly, omissions caused by carelessness.'" *Fazeli v. Dallas MTV, LLC*, 3:16-CV-0749-B, 2017 U.S. Dist. LEXIS 61390, 2017 WL 1426334, at *5 (N.D. Tex. Apr. 21, 2017 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993)). It also applies to late filings as a result of "mistake, inadvertence or carelessness and not to bad faith." *Mattress Giant Corp. v. Motor Adver. & Design Inc.*, No. 3:07-cv-1728-D, 2008 U.S. Dist. LEXIS 26486, 2008 WL 898772, at *2 (N.D. Tex. Mar. 31, 2008) (citations omitted).

*Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960) (in affirming Order to set aside default judgment reasoned that "where there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits."). "[M]ere delay does not alone constitute prejudice. Rather, "the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Lacy v. Sitel Corp.*, 227 F.3d 290, 293(5th Cir. 2000) (citing *Berthelsen v. Kane*, 907 F.2d 617, 621(6th Cir. 1990)).

As to the length of the delay, pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i), Defendant's Answer or other responsive pleading was due on September 21, 2021, and only 23 days have elapsed since that time. There will be no delay in the proceedings as there is currently no trial setting or scheduling order in the case. Also, no default judgment has been entered.

The reason for the delay was not willful and as detailed *supra* was due to miscommunication, a failure to locate the correct policy of insurance as well as an effort to secure local counsel. Defendant has further committed no acts outside the bounds of good faith.

### III.  Prayer

Defendant's Motion and Brief in Support of Dismissal for Failure to State a Claim upon which Relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) is attached as Exhibit A. Defendant Amarillo Towing, Inc. respectfully prays that the Court grant its motion to for leave to file its Motion and Brief in Support of dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and for such other and further relief as may be available in law or in equity.

Respectfully submitted,

PLAVNICKY KINZEL MAKOWSKI LLP

By:  /s/ *Suzanne E. Sharpless*
     Suzanne E. Sharpless
     Federal I.D. No. 1599429
     State Bar No. 24074850
     Email:  sharpless@pkmtexas.com

     C. Scott Kinzel
     Federal I.D. No. 14163
     State Bar No: 00785499
     Email:  kinzel@pkmtexas.com

     Chester J. Makowski
     Federal I.D. No. 15600
     State Bar No. 12852950
     Email:  makowski@pkmtexas.com

     5300 Memorial Drive, Suite 675
     Houston, Texas 77007
     Telephone:  713-658-1111
     Facsimile:   713-658-8253

And

RINEY & MAYFIELD, LLP

By:  /s/ *Alex L. Yarbrough*
     Alex L. Yarbrough
     State Bar No. 24079615
     Email:  ayarbrough@rineymayfield.com

     320 South Polk Street, Suite 600
     Maxor Building
     Amarillo, Texas  79101
     Tel:  806-468-3200
     Fax:  806-376-4509

**ATTORNEYS FOR DEFENDANT**
**AMARILLO TOWING, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of October 2021 a true and correct copy of the foregoing document was filed with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic filing system of the Court and it was served on all known counsel and/or parties of record as follows:

Mr. Kurt Duane Williams
5307 Gem Lake Road, Apt. #15
Amarillo, Texas  79106

*Plaintiff, Pro Se*


Mr. Thomas McMillian
Assistant City Attorney
Mr. Bryan McWilliams
City Attorney
CITY OF AMARILLO CITY ATTORNEY'S OFFICE
P.O. Box 1971
Amarillo, Texas   79105-1971
*Email:  bryan.mcwilliams@amarillo.gov*
*Email:  Thomas.mcmillian@amarillo.gov*

*Attorneys for Defendants*
*Jared Miller and Martin Birkenfeld*


                                                */s/ Suzanne E. Sharpless*
                                                OF PLAVNICKY KINZEL MAKOWSKI LLP