**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| KURT DUANE WILLIAMS, | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| vs. | § | CASE NO. 2:20-CV-285-Z-BR |
| | § | |
| CITY OF AMARILLO-JARED | § | |
| MILLER, CITY MANAGER; | § | |
| AMARILLO POLICE DEPARTMENT- | § | |
| PARKING ENFORCEMENT; and | § | |
| AMARILLO TOWING, | § | |
| | § | |
| *Defendants* | § | |

**DEFENDANT AMARILLO TOWING INC.'S (INCORRECTLY NAMED AS**
**AMARILLO TOWING) MOTION AND BRIEF IN SUPPORT OF DISMISSAL**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) AND**
**JOINDER IN PORTIONS OF CO-DEFENDANTS' 12(b)(6) MOTION**

Respectfully submitted,

PLAVNICKY KINZEL MAKOWSKI LLP

By: */s/ Suzanne E. Sharpless*
        Suzanne E. Sharpless
        Federal I.D. No. 1599429
        State Bar No. 24074850
        Email: sharpless@pkmtexas.com

        C. Scott Kinzel
        Federal I.D. No. 14163
        State Bar No: 00785499
        Email: kinzel@pkmtexas.com

        Chester J. Makowski
        Federal I.D. No. 15600
        State Bar No. 12852950
        Email: makowski@pkmtexas.com

        5300 Memorial Drive, Suite 675
        Houston, Texas 77007
        Telephone: 713-658-1111
        Facsimile: 713-658-8253

**EXHIBIT A**

RINEY & MAYFIELD, LLP

By: */s/ Alex L. Yarbrough*
      Alex L. Yarbrough
      State Bar No. 24079615
      Email:  ayarbrough@rineymayfield.com

      320 South Polk Street, Suite 600
      Maxor Building
      Amarillo, Texas  79101
      Tel:  806-468-3200
      Fax:  806-376-4509

**ATTORNEYS FOR DEFENDANT
AMARILLO TOWING, INC.**

**Table of Contents**

I.  Background and Summary of Argument ..................................................1

II.  Standard of Review ...........................................................................2

III.  Argument and Authorities ..................................................................3

    A.  As Plaintiff has failed to allege specific facts to
        demonstrate an agreement between law enforcement
        officers and Amarillo Towing's employees to
        deprive Plaintiff of his constitutional rights,
        Plaintiff's §1983 claims against Amarillo Towing
        should be dismissed because they are private actors .......................3

    B.  The United States Code Section and Constitutional
        Amendments Plaintiff Under Which Plaintiff
        Alleges Violations in addition to 42 U.S.C. § 1983 Are Also Inapplicable .........7

    C.  Plaintiff's Complaint is Devoid of any Facts in
        Support of the Violations Allegedly Committed .............................8

    D.  Joinder in Co-Defendant Jared Miller and Martin
        Birkenfeld, Chief of Police, Amarillo Police
        Department's Motion and Brief in Support for
        Failure to State a Claim Upon Which Relief Can be
        Granted Per Federal Rule of Civil Procedure 12(b)(6) ...................9

IV.  Prayer ........................................................................................10

iii

**Table of Authorities**

**Cases**

*Albright v. Oliver*,
    510 U.S. 266 (1994) ............................................................................4

*American Mfrs. Mut. Ins. Co. v. Sullivan*,
    526 U.S. 40 (1999) ............................................................................4

*Arsenaux v. Roberts*,
    726 F.2d 1022 (5th Cir. 1982) ............................................................5

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...............................................................2, 3, 5, 8

*Augustine v. Doe*,
    740 F.2d 322 (5th Cir. 1984) ..............................................................4

*Baker v. McCollan*,
    443 U.S. 137 (1979) ............................................................................4

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................2

*Briley v. California*,
    564 F.2d 849 (9th Cir. 1977) ..............................................................8

*Burdeau v. McDowell*,
    256 U.S. 465 (1921) ............................................................................7

*Dowsey v. Wilkins*,
    467 F.2d 1022 (5th Cir. 1972) ............................................................8

*Ex parte Wilson*,
    114 U.S. 417, 5 S. Ct. 935, 29 L. Ed. 89 ............................................7

*Ferguson v. Dunn*,
    2017 U.S. Dist. LEXIS 111364 ..............................................3, 4, 5, 6

*Martine* v. *Court of Appeal of Cal., Fourth Appellate Dist.*,
    528 U.S. 152, 120 S. Ct. 684, 145 L. Ed. 2d 597 (2000) ....................7

*Post v. Payton*,
    323 F. Supp. 799 (E.D.N.Y. 1971) ............................................................8

*Priester v. Lowndes Cnty.*,
    354 F.3d 414 (5th Cir. 2004) .............................................................4, 5

*Rendell-Baker v. Kohn*,
    457 U.S. 830, 102 S. Ct. 2764, 73 L. Ed. 2d 418 (1982) .......................................5, 6

*Tex. Mfr'd. Hous. Ass'n, Inc. v. City of Nederland*,
    101 F.3d 1095 (5th Cir. 1996) ............................................................4

*Whitley v. Hanna*,
    726 F.3d 631 (5th Cir. 2013) .............................................................3

**Statutes and Rules**

18 U.S.C. § 242 ...............................................................................7, 9

28 U.S.C. § 1346 ...............................................................................8

42 U.S.C. § 1983 ...............................................................................1, 3, 4, 7

42 U.S.C. § 1985 (3) ...............................................................................7, 8

42 U.S.C. § 1986 ...............................................................................8

42 U.S.C. § 1988 ...............................................................................8

Tex. Transp. Code § 683.012 ...............................................................................9

Fed. R. Civ. P. 8(a) ...............................................................................2

Fed. R. Civ. P. 12(b)(6) ...............................................................................1, 9, 10

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | | |
|---|---|---|
| KURT DUANE WILLIAMS, | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| vs. | § | CASE NO. 2:20-CV-285-Z-BR |
| | § | |
| CITY OF AMARILLO-JARED | § | |
| MILLER, CITY MANAGER; | § | |
| AMARILLO POLICE DEPARTMENT- | § | |
| PARKING ENFORCEMENT; and | § | |
| AMARILLO TOWING, | § | |
| | § | |
| *Defendants* | § | |

**DEFENDANT AMARILLO TOWING INC.'S
MOTION AND BRIEF IN SUPPORT OF DISMISSAL
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) AND
JOINDER IN PORTIONS OF CO-DEFENDANTS' 12(b)(6) MOTION**

TO THE HONORABLE COURT:

Defendant Amarillo Towing, Inc. ("Amarillo Towing") moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) because it fails to state a claim upon which relief can be granted and hereby joins in portions of Co-Defendants Jared Miller and Martin Birkenfeld, Chief of Police, Amarillo Police Department's Motion and Brief in Support for Dismissal for Failure to State a Claim Upon Which Relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6)  and would respectfully show the Court as follows:

**I.      Background and Summary of Argument**

Plaintiff filed a Complaint on December 11, 2020. *See* Document 3. Defendant Amarillo Towing has been served with process. *See* Document 10. Plaintiff alleges various constitutional violations for the towing and auctioning of a vehicle including claims under 42 U.S.C. § 1983

1

which do not apply to Amarillo Towing. Plaintiff has failed to state a viable cause of action against Amarillo Towing which is not a governmental entity or government official but a private corporate entity. Plaintiff has further failed to allege facts indicating any constitutional violations occurred.

Plaintiff also alleges that "the law of contract" was "disregarded," but this claim fails because Plaintiff is not in privity with Defendant Amarillo Towing and Plaintiff does not allege such. By Plaintiff's own admission, no contract existed. *See* Document 3.

Defendant would further show that the Complaint does not allege any specific actions on the part of Amarillo Towing in support of Plaintiff's claims.

## II.  Standard of Review

Under the federal pleading standards governed by Federal Rule of Civil Procedure 8(a), requiring a short and plain statement showing entitlement to relief, a complaint requires more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The claim must have "facial plausibility" such that a Court is able "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. at 678 (internal citations omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (internal citations omitted).   Further, "a plaintiff's obligation to provide grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of

the elements of the cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

Plaintiff's complaint is devoid of factual allegations in support of the claims alleged.

### III.      Argument and Authorities

Plaintiff alleges that Amarillo Towing committed a "constitutional tort and crime," and that "the law of contract" was disregarded. Document 3, page 5. Amarillo Towing, a corporation, is not a government entity or authority, and Plaintiff has failed to allege specific acts to demonstrate an agreement to commit an illegal act in violation of Plaintiff's constitutional rights (or to otherwise deprive him of his constitutional rights) between any law enforcement, government entity or authority and Amarillo Towing; therefore, Plaintiff's causes of action related to constitutional violations fail as a matter of law as pled and must be dismissed. *Ferguson v. Dunn*, 2017 U.S. Dist. LEXIS 111364 (E.D. Tex. 2017).

Plaintiff's Complaint is devoid of any facts in support of a showing that any constitutional rights were violated or improper actions taken.

Plaintiff also cannot properly state a cause of action for breach of contract as Plaintiff is not in privity with Defendant, nor is privity alleged such that to the extent this cause of action has been pled, no facts in support of same have been alleged.

**A.      As Plaintiff has failed to allege specific facts to demonstrate an agreement between law enforcement officers and Amarillo Towing's employees to deprive Plaintiff of his constitutional rights, Plaintiff's §1983 claims against Amarillo Towing should be dismissed because they are private actors.**

Section 1983 provides a cause of action against any person acting under color of state law who deprives another person of rights secured by the Constitution and laws of the United States. 42 U.S.C. §1983. To state a claim for relief under § 1983, "a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the

alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013).

Specifically, under § 1983, individuals maintain a private right of action to redress the violation of constitutional rights or federal law by those acting under color of state law. *Tex. Mfr'd. Hous. Ass'n, Inc. v. City of Nederland*, 101 F.3d 1095, 1106 (5th Cir. 1996). The statute is not itself a source of substantive rights, but rather it "merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To state a claim of relief under §1983 against a tow truck operator, Plaintiff must allege that a person acting under color of state law deprived him of a right secured by the Constitution or the laws of the United States. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49 (1999); *Augustine v. Doe*, 740 F.2d 322, 324-25 (5th Cir. 1984). Where a private citizen is alleged to have committed a violation, Plaintiff must offer proof that the citizen is either a state actor or conspired with state actors. *See Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004) ("To state a cause of action under section 1983, the [plaintiff] must allege that the person who deprived him of a federal right was acting under color of law. For a private citizen . . . to be held liable under section 1983, the plaintiff must allege that the citizen conspired with or acted in concert with state actors.") (internal quotations omitted).

The instant matter is analogous to *Ferguson v. Dunn*, 2017 U.S. Dist. LEXIS 111364 (E.D. Tex. 2017), a case where the plaintiff's Section 1983 case was dismissed because it was not properly pled.

In *Ferguson*, Ralph Lynn Ferguson, Jr. was stopped by trooper Eric Dunn while enroute from Lumberton, Texas to DeRidder, Louisiana for an alleged failure to properly wear his seatbelt. *Ferguson*, 2017 U.S. Dist. LEXIS 111364 at *2. After declining to produce his driver's

license or exit the vehicle, Ferguson was eventually arrested and detained and his vehicle searched. *Id*. at *2-3. The trooper instructed a tow truck driver affiliated with Patrick Auto Supply to tow Ferguson's vehicle and Ferguson was booked into the Newton County Jail for Failure to Identify and Evading Arrest or Detention. *Id*.  After being released on bail, Ferguson paid Patrick Auto Supply to have his vehicle released back to him and did not further interact with any Patrick Auto Supply employees. *Id*. at *4. The charges against him were dropped nearly a year later. *Id*.

In dismissing Ferguson's case, the Court reasoned as follows:

Here, Ferguson asserts that each of the Patrick Auto Defendants, "acting individually and as Patrick Autos was a willing party with Defendant Dunn [sic] a state actor . . . (who) while acting under color of law seized [Ferguson's] private property in violation of state law making him liable under Section 1983 for violations of the security afforded [Ferguson] by the United States Constitution." Doc. No. 50, at 10. Even construing the facts alleged in Ferguson's operative complaint as broadly as is permissible, Ferguson's complaint "does not allege an agreement between" Dunn and any of the Patrick Auto Defendants to commit an illegal act in violation of Ferguson's constitutional rights, "nor does it allege specific facts to show an agreement." *See Priester*, 354 F.3d at 420. Indeed, it is telling that in each of his responses to the Patrick Auto Defendants' motions to dismiss, the majority of each ten-page response focuses upon the allegedly illegal actions taken by Dunn, and only refers to each Patrick Auto Defendant by name a mere six times. …

It is insufficient to merely assert an agreement between Dunn and the Patrick Auto Defendants to deprive Ferguson of his constitutional rights, for these are mere conclusions, rather than facts. *See Priester*, 354 F.3d at 420 ("Allegations that are merely conclusory, without reference to specific facts, will not suffice"); *see also Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982) ("Mere conclusory allegations of conspiracy cannot, absent reference to material facts, survive a motion to dismiss."). The only facts alleged by Ferguson to establish a conspiracy between Dunn and the Patrick Auto Defendants are that Butler, on direction of Dunn, towed Ferguson's vehicle after his detention and subsequent arrest, and that Ferguson paid Brown $241.60 before Patrick Auto Supply would allow Ferguson to reclaim his vehicle. … These facts, absent more, do not satisfy the Iqbal standard of alleging facts that, if accepted as true, are sufficient to "state

a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. Acts of private contractors, such as Patrick Auto Supply, do not become acts of the state by virtue of their engagement in performing public contracts. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 840-41, 102 S. Ct. 2764, 73 L. Ed. 2d 418 (1982). Accordingly, because Ferguson has failed to allege specific facts to demonstrate an agreement between Dunn and the Patrick Auto Defendants to deprive Ferguson of his constitutional rights, Ferguson's § 1983 claims against the Patrick Auto Defendants should be dismissed because they are private actors.

*Ferguson v. Dunn*, 2017 U.S. Dist. LEXIS 111364, *9-10 (E.D. Tex. 2017).

The same rationale is applicable in the present case. Plaintiff's Complaint does not allege an agreement to commit an illegal act in violation of Plaintiff's constitutional rights between any law enforcement and the employees of Amarillo Towing. On page 3 of his Complaint, Plaintiff simply states that the Amarillo Police Department and Amarillo Towing "are in a contract together."[1] *See* Document 3. He does not state that it is an agreement to commit an illegal act. Rather, the essence of Plaintiff's Complaint appears to be that he was not part of any contract between the Amarillo Police Department and Amarillo Towing.

Moreover, as noted in *Ferguson*, acts of private contractors, such as Amarillo Towing, do not become acts of the state by virtue of their engagement in performing public contracts. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 840-41, 102 S. Ct. 2764, 73 L. Ed. 2d 418 (1982) (holding that no claim for relief was stated under 42 U.S.C. § 1983).

Therefore, just as in *Ferguson*, Plaintiff has failed to allege specific facts to demonstrate an agreement between law enforcement officers and Amarillo Towing's employees to deprive Plaintiff of his constitutional rights, Plaintiff's § 1983 claims against Amarillo Towing should be dismissed because they are private actors.

---

[1] In his "Cover Letter,' Plaintiff also alleges Amarillo Towing is a "contracted counter partner" of the Amarillo Police Department and "employed" by the City of Amarillo. *See* Document 3-1. The Cover Letter also contains no allegation of an agreement to commit an illegal act. Further, Amarillo Towing, Inc. is a private entity.

**B.** **The United States Code Sections and Constitutional Amendments Plaintiff Under Which Plaintiff Alleges Violations in addition to 42 U.S.C. § 1983 Are Also Inapplicable.**

Plaintiff also cites the following, none of which create a viable cause of action for the following reasons:

1.      18 U.S.C. § 242, Deprivation of Rights Under Color of Law.  Plaintiff cannot properly state a claim under 18 U.S.C. § 242 as it contemplates criminal liability.

2.      Fourth Amendment Rights. The Fourth Amendment does not provide protections against actions of private corporations or citizens.  *See*, *e.g.*, *Burdeau v. McDowell*, 256 U.S. 465, 475 (1921) ("The Fourth Amendment gives protection against unlawful searches and seizures … its protection applies to governmental action. Its origin and history clearly show that it was intended as a restraint upon the activities of sovereign authority.").

3.      Fifth Amendment Rights. "The purpose of the [Fifth] Amendment was to limit the powers of the legislature, as well as of prosecuting officers, of the United States." *Ex parte Wilson*, 114 U.S. 417, 5 S. Ct. 935, 29 L. Ed. 89 (1885).

4.      Sixth Amendment Rights. The Sixth Amendment ". . .identifies basic rights that accused enjoys in all criminal prosecutions…" *Martine* v. *Court of Appeal of Cal., Fourth Appellate Dist.*, 528 U.S. 152, 165, 120 S. Ct. 684, 145 L. Ed. 2d 597 (2000).

5.      Fourteenth Amendment Rights. The Fourteenth Amendment, granting "equal protection of the laws" to all citizens is wholly inapplicable in this case and no facts have been alleged that support a related cause of action.

6.      42 U.S.C. § 1985 (3), Conspiracy to Interfere with Civil Rights. The intent of 42 U.S.C. § 1985 is to apply to interferences with the rights of others which are race/class-based.

7

*Briley v. California*, 564 F.2d 849, 1977 U.S. App. LEXIS 11131 (9th Cir. 1977). There are no allegations of same.

7.     42 U.S.C. § 1986, Action for Neglect to Prevent Conspiracy. A conspiracy claim under this section is conditioned on a valid claim under 42 USCS § 1985.  *Dowsey v. Wilkins*, 467 F.2d 1022, 1972 U.S. App. LEXIS 7021 (5th Cir. 1972).

8.     42 U.S.C. § 1988, Proceedings in Vindication of Civil Rights.  "Section 1988 authorizes in civil rights cases resort to the remedies and procedures of the common law where those of federal law are inadequate. This section does not create an independent cause of action." *Post v. Payton*, 323 F. Supp. 799, 802-803, 1971 U.S. Dist. LEXIS 14980 (E.D.N.Y. 1971).

9.     28 U.S.C. 1346, United States as defendant (alleged in Plaintiff's "Cover Letter"). *See* Document 3-1. The Federal Tort Claims Act contemplates suits against the United States, not private entities.

### C.     Plaintiff's Complaint is Devoid of any Facts in Support of the Violations Allegedly Committed.

Plaintiff alleges that his vehicle was auctioned off by Amarillo Towing and makes reference to an unauthorized tow. Document 3, pages 3-6. Plaintiff however fails to demonstrate how this allegedly unlawful tow or auctioning supports any of the constitutional/other violations or breach of contract alleged. Plaintiff does not allege any facts that show that the towing or auctioning of the vehicle was negligent or otherwise improper.  No specific conduct is alleged that would "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged*." Iqbal, 556 U*.S. at 678.  Defendant would represent that the tow and auctioning was conducted as part of the normal course of its business in response to a request from the Amarillo Police Department.

**D. Joinder in Co-Defendant Jared Miller and Martin Birkenfeld, Chief of Police, Amarillo Police Department's Motion and Brief in Support for Failure to State a Claim Upon Which Relief Can be Granted Per Federal Rule of Civil Procedure 12(b)(6).**

Defendant Amarillo Towing hereby joins in and adopts Part D of Co-Defendant's Motion to Dismiss Pursuant to 12(b)(6) concerning Plaintiff's failure to claim his vehicle under Texas Transportation Code § 683.012 and improper maintenance of the vehicle title. *See* Document 11.

Exhibit B-2 to Plaintiff's Complaint, a Texas Certificate of Title shows that Ismael Granda, Jr. is the owner of the vehicle, but has Plaintiff's signature. Exhibit B-3 to Plaintiff's Complaint is an incomplete Statement of Facts To Correct Error on Title which indicates Plaintiff signed the title in error. Williams is listed as the buyer on this Form, but there is no indication or allegation that it was completed or filed such that any transfer of ownership was recorded. Plaintiff does not allege in his Complaint that the title was in fact recorded in his name such that he would be entitled to any notice regarding the disposition/location of the vehicle prior to auction. It does appear that Plaintiff had notice that his vehicle was considered abandoned in light of Exhibit A to Plaintiff's Complaint which appears to be a notice from the Amarillo Police Department was placed on the vehicle. Exhibit C-3 to Plaintiff's Complaint, a letter addressed to Plaintiff from the Amarillo Police Department indicates that a Sgt. Anthony Merryman was unable to locate a record of Plaintiff's vehicle being towed and requests additional information such as the license plate number, date the vehicle was towed, and description of the vehicle. This is additional evidence that Plaintiff failed to properly maintain the vehicle title as a search evidently conducted using his name did not result in a search result identifying the vehicle in question.

Plaintiff has waived his right to complain of the towing or auctioning due to a failure to properly maintain the title of the vehicle or attempt to reclaim the vehicle. Plaintiff alleges that

the vehicle was auctioned off "June 25th or 26th, just one month later," which Defendant takes as an allegation that the vehicle was auctioned off 30 days following the tow, such that Plaintiff alleges he had at least an entire month to investigate the matter and reclaim the vehicle and did not do so.

### IV.    Prayer

Defendant Amarillo Towing, Inc. respectfully prays that the Court grant its motion to dismiss Plaintiff's claims pursuant to Rule 12(b)(6), and for such other and further relief as may be available in law or in equity.

Dated:  October 14, 2021.

Respectfully submitted,

PLAVNICKY KINZEL MAKOWSKI LLP

By:  */s/ Suzanne E. Sharpless*
      Suzanne E. Sharpless
      Federal I.D. No. 1599429
      State Bar No. 24074850
      Email:  sharpless@pkmtexas.com

      C. Scott Kinzel
      Federal I.D. No. 14163
      State Bar No: 00785499
      Email:  kinzel@pkmtexas.com

      Chester J. Makowski
      Federal I.D. No. 15600
      State Bar No. 12852950
      Email:  makowski@pkmtexas.com

      5300 Memorial Drive, Suite 675
      Houston, Texas 77007
      Telephone:  713-658-1111
      Facsimile:  713-658-8253

And

RINEY & MAYFIELD, LLP

By: */s/ Alex L. Yarbrough*
　　　Alex L. Yarbrough
　　　State Bar No. 24079615
　　　Email:  ayarbrough@rineymayfield.com

　　　320 South Polk Street, Suite 600
　　　Maxor Building
　　　Amarillo, Texas  79101
　　　Tel:  806-468-3200
　　　Fax:  806-376-4509

**ATTORNEYS FOR DEFENDANT**
**AMARILLO TOWING, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this _____ day of October 2021 a true and correct copy of the foregoing document was filed with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic filing system of the Court and it was served on all known counsel and/or parties of record as follows:

Mr. Kurt Duane Williams
5307 Gem Lake Road, Apt. #15
Amarillo, Texas  79106

*Plaintiff, Pro Se*


Mr. Thomas McMillian
Assistant City Attorney
Mr. Bryan McWilliams
City Attorney
CITY OF AMARILLO CITY ATTORNEY'S OFFICE
P.O. Box 1971
Amarillo, Texas   79105-1971
*Email:  bryan.mcwilliams@amarillo.gov*
*Email:  Thomas.mcmillian@amarillo.gov*

*Attorneys for Defendants*
*Jared Miller and Martin Birkenfeld*


/s/ Suzanne E. Sharpless
OF PLAVNICKY KINZEL MAKOWSKI LLP

12