IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| KURT DUANE WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:20-CV-285-Z-BR |
| | § | |
| JARRED MILLER, Amarillo City | § | |
| Manager, AMARILLO POLICE DEPT. – | § | |
| PARKING DIVISION, and AMARILLO | § | |
| TOWING, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS TO GRANT
DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Before the Court is defendants Jared Miller, Martin Birkenfeld, and Amarillo Police Department's motion to dismiss for failure to state a claim. (ECF 11). Having considered the motion, Plaintiff's original complaint (ECF 3), and the other papers on file, the undersigned United States Magistrate Judge recommends that the motion be GRANTED.

## I.      BACKGROUND

In May 2020, someone towed Plaintiff's vehicle. (Ex. A, ECF 3 at 8). It appears that an Officer Grant with the Amarillo Police Department considered the vehicle abandoned and left some sort of notice, but the original complaint is not clear on this. (*Id.*). On or about June 25 or 26, the vehicle was auctioned off. (*Id.* at 6). Again, it is unclear who actioned the vehicle and what notices, if any, were provided to Plaintiff. On December 11, 2020, Plaintiff filed this suit, alleging violations of his civil rights under 42 U.S.C. §§ 1983, 1985, and 1986. It seems the alleged wrongdoing did not involve the towing, but instead "the retention of the automobile for non-payment of towing and storage fees without an opportunity for a hearing to determine the propriety

of the removal . . . ." (*Id.* at 4). The original complaint names Amarillo Towing as an additional defendant, but the claims against it are unclear as well. On August 31, 2021, service of the original complaint was made on Amarillo Towing, the City of Amarillo, Jared Miller, the Amarillo Police Department, and Martin Birkenfeld. (ECF 10). On September 21, 2021, Miller, Birkenfeld, and the Amarillo Police Department filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). To date, Plaintiff has not responded.

## II.      STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), the Court should dismiss a challenged claim if the plaintiff fails to provide both fair notice of the claim and plausible factual allegations to support the claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A complaint provides fair notice when it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  But the Court does not accept conclusory statements as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). After disregarding any conclusory statements, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The plausibility standard demands more than "a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663.  Admittedly, "[i]t is well-established that 'pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers.'" *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)). But regardless of the plaintiff's pro-se status, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."

2

*Taylor*, 296 F.3d at 378 (quoting *S. Christian Leadership Conf. v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001)).

### III.   ANALYSIS

Plaintiff's original complaint suffers from multiple ailments. The Court first addresses the fundamental problem that the original complaint fails to clearly state a claim for relief. Then, construing the original complaint liberally, the Court notes five additional problems with Plaintiff's original complaint.

### A.  Plaintiff's original complaint should be dismissed for violating Rule 8.

Applying the standards above compels the undersigned to recommend the entire complaint be dismissed. First, and most fundamentally, a complaint must include plausible factual allegations concerning all material elements of the claim. *Iqbal*, 556 U.S. at 678. Plaintiff's original complaint contains almost no facts at all. There are many unanswered questions. When was his vehicle taken? Who took the vehicle? Who controlled the vehicle after it was taken? Was any notice of sale given? If so, when and how? What did Plaintiff know, and when? Without these, and other, basic factual allegations, the Court is unable to draw any plausible inferences. *See Roe v. Johnson Co.*, 2019 WL 5031357, *5 (N.D. Tex. July 29, 2019) ("While Plaintiff's amended complaint does contain factual material, most claims as currently pled lack sufficient facts to support an inference that the defendant is responsible for that particular harm to Plaintiff—therefore there is no more than the mere possibility of misconduct, which, of course, is not enough to state a plausible claim.") (cleaned up).

Second, due partially to the lack of factual allegations, the complaint fails to provide fair notice of the claims. *Twombly*, 550 U.S. at 556. This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Here, Plaintiff's original

complaint states several statutes, but it is far from clear how they apply here. Well-settled law requires a complaint to do more than offer "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly.* 550 U.S. at 555. But in this case, Plaintiff's original complaint does not even do that.

For these reasons, the undersigned Magistrate Judge concludes that the entire original complaint is deficient and should be DISMISSED.

**B.  Additional problems with Plaintiff's original complaint.**

From the few claims the Court can discern, there are at least five additional problems that require dismissal of specific claims.

*1.  Plaintiff's claims against non-jural entities must be dismissed.*

Plaintiff's original complaint lists the Amarillo Police Department, Amarillo Police Department – Parking Enforcement, and "JKP-5626 (Coding Division)" as defendants. Any claims against these entities must be dismissed. "In order for a plaintiff to sue a city department, it must enjoy a separate legal existence." *Darby v. Pasadena Police Dept.*, 939 F.2d 311, 313 (5th Cir. 1991). In Texas, a police department, including a subdivision of the police department, does not have separate legal existence from the city itself. *Id.* at 314 ("The district court therefore did not err by holding that Darby's suit was brought against an entity [the police department] with no jural existence, and hence, subject to dismissal."). Accordingly, all claims against the Amarillo Police Department, Amarillo Police Department – Parking Enforcement, and "JKP-5626 (Coding Division)" should be DISMISSED with prejudice.

*2.  Plaintiff's original complaint makes no allegations against Miller and Grant.*

One symptom of the complaint's lack of factual allegations is that the complaint does not state what rights defendants Miller and Grant violated. In fact, the complaint does not state any acts or omissions taken by either party. It appears that Grant had some role in the towing of

Plaintiff's vehicle, but Plaintiff admits that "the seizure of plaintiff's vehicle without prior notice was not under the facts of this case, unconstitutional . . . ." (ECF 3 at 4). Therefore, the complaint fails to state any claims against either Miller or Grant, and they should be DISMISSED.

If the complaint intended to hold these individuals vicariously liable for others' acts or omissions, the law prohibits this. *Monell v. New York Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). To the extent Plaintiff sues these individuals in their official capacity, those claims are addressed below. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.").

### 3. *Plaintiff's original complaint makes no allegations against a government entity.*

Under 42 U.S.C. § 1983, a government entity cannot be liable for employing a person who violated someone's rights; it can only be liable for its own acts. *Monell*, 436 U.S. at 691. Municipal liability requires the plaintiff to show, "in addition to a constitutional violation, that an official policy promulgated by the municipality's policy maker was the moving force behand, or actual cause of, the constitutional injury." *James v. Harris Co.*, 577 F.3d 612, 617 (5th Cir. 2009). Plaintiff's complaint does not allege—or even mention—any official policies. Therefore, any claims against the City of Amarillo should be DISMISSED.

### 4. *Plaintiff's original complaint fails to allege any facts about a conspiracy.*

Plaintiff also appears to allege claims under 42 U.S.C. §§ 1985 and 1986. Both those statutes require a conspiracy—which, at minimum, requires two or more persons acting in concert. *See Jackson v. City of Hearne, Tex.*, 959 F.3d 194, 200 (5th Cir. 2020). But Plaintiff's original complaint contains no allegations of a conspiracy. Nor are there sufficient allegations to reasonably draw the inference of a conspiracy. Therefore, any §§ 1985 and 1986 claims should also be DISMISSED.

**5.  *If Amarillo Towing is the sole remaining defendant, the Court should decline to exercise supplemental jurisdiction and dismiss it.***

Assuming without deciding that the original complaint properly alleges claims against Amarillo Towing, once the civil-rights claims above are dismissed, this Court's subject-matter jurisdiction would be lacking. "Every federal court should, on its own, ensure that subject-matter jurisdiction is present." *The Lamar Co., L.L.C. v. Miss. Transp. Commission*, 976 F.3d 524, 528 (5th Cir. 2020). Without those civil-rights claims, this case would be a Texas resident suing a Texas resident under—it appears—state-law claims (contract perhaps, but the original complaint fails to sufficiently allege any claims). This would require the exercise of supplemental jurisdiction. 28 U.S.C. § 1367. Under supplemental jurisdiction, the Court's exercise of jurisdiction over state claims is discretionary. *Id.*

The "general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial, but this rule is neither mandatory nor absolute." *The Lamar Co.,* 976 F.3d at 528. In exercising its discretion, the Court first considers the "overall balance" of the statutory factors in 28 U.S.C. § 1367(c). *Enochs v. Lampasas Co.*, 641 F.3d 155, 159 (5th Cir. 2011). Then it considers the common-law factors of judicial economy, convenience, fairness, and comity. *Id.*

In this case, the overall balance of the statutory factors favors dismissal. *See* 28 U.S.C. § 1367(c). Without the federal civil-rights claims, there would only be state-law claims. *Id.* Also, the common-law factors—judicial economy, convenience, fairness, and comity—suggest dismissal. *Enochs*, 641 F.3d at 159. No discovery in this case has begun, and no prejudice would result. Given that the facts are only a year old, any claims could be brought in state court. Moreover, federal courts are courts of limited jurisdiction and should avoid meddling in purely state law. "Needless decisions of state law should be avoided both as a matter of comity and to

promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (Brennen, J.). Having considered the relevant factors, the undersigned Magistrate Judge would also recommend that, if only state-law claims against Amarillo Towing remained, those should also be DISMISSED.

## IV.    RECOMMENDATION

For the reasons above, the United States Magistrate Judge RECOMMENDS to the United States District Judge that defendants Jared Miller, Martin Birkenfeld, and the Amarillo Police Department's motion to dismiss be GRANTED.

The undersigned Magistrate Judge also RECOMMENDS that Plaintiff be granted leave to amend his original complaint. If Plaintiff files an amended complaint **on or before November 3, 2021**, then the undersigned will WITHDRAW this Findings, Conclusions, and Recommendations, and let the Defendants file responsive pleadings and motions as they see fit.

## V.    INSTRUCTION FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions, and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED October 20, 2021.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions, and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the

fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions, and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), as recognized in *ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).