IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| KURT DUANE WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:20-CV-285-Z-BR |
| | § | |
| JARRED MILLER et al., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DENY WITHOUT PREJUDICE AS MOOT MILLER AND BIRKENFELD'S MOTION TO DISMISS**

Before the Court is Jarred Miller ("Miller") and Martin Birkenfeld's ("Birkenfeld"), as Chief of Police of Amarillo Police Department in his individual and official capacities, Motion to Dismiss Plaintiff's original Complaint (ECF 11) and Plaintiff's response (ECF 17).[1] The undersigned previously recommended the motion to dismiss be granted if Plaintiff did not file an Amended Complaint to address the issues raised by the motion to dismiss. (*See* ECF 18). When Plaintiff filed his Amended Complaint (ECF 19)[2], the undersigned withdrew the recommendation to grant the motion to dismiss (*see* ECF 20). Subsequently, Miller and Birkenfeld, as Chief of

---

[1] The docket lists the parties directly named in Plaintiff's original Complaint (ECF 3)—Miller, Amarillo Police Department, and Amarillo Towing, Inc. Miller and Birkenfeld, as Chief of Police of Amarillo Police Department in his individual and official capacities, filed the motion to dismiss addressed in this Order (ECF 11). Nowhere in Plaintiff's original Complaint does Plaintiff name Birkenfeld as a defendant, although his proposed summons places Birkenfeld's name above and below the pre-printed title of "Defendant" on the "Summons in a Civil Action" sheet (ECF 6). As it relates to Amarillo Police Department, Plaintiff brings suit solely against the department itself.

The undersigned acknowledges the argument in the first motion to dismiss (ECF 11) and second motion to dismiss (ECF 25) that Amarillo Police Department is a city department without a separate legal existence and cannot be sued. The withdrawn Findings, Conclusions, and Recommendation addressed this argument. (*See* ECF 18). The undersigned does not intend to exercise jurisdiction over any non-jural entity by this Order and will address that argument when it issues a new order as to the Motion to Dismiss Plaintiff's Amended Complaint (ECF 25).

[2] Plaintiff's Amended Complaint (ECF 19) renews Plaintiff's claims against Miller and Amarillo Police Department.

Police of Amarillo Police Department in his individual and official capacities, filed their Motion to Dismiss Plaintiff's Amended Complaint (ECF 25).[3]

An amended complaint generally, but not always, renders pending motions moot. *Stredwick v. Dallas Margarita Soc'y, Inc.*, No. 3:12-CV-623-F, 2012 WL 12893430, at *1 (N.D. Tex. June 27, 2012); *see, e.g., Garza-Selcer v. 1600 Pac. Subtenant, LLC*, No. 3:15-CV-03791-N, 2016 WL 11474103, at *2 (N.D. Tex. Aug. 30, 2016) ("When a motion to dismiss is filed against a superseded complaint, courts ordinarily deny the motion as moot."); *but see, e.g., New World Int'l, Inc. v. Ford Glob. Techs., LLC*, No. 3:16-CV-1112-M, 2017 WL 1078525, at *5 (N.D. Tex. Mar. 22, 2017) ("[A] motion to dismiss that attacks the original complaint for deficiencies that persist in the amended complaint should not necessarily always be denied as moot. Rather, the court has the discretion to apply the original motion to dismiss to the amended complaint.").

The undersigned need not determine whether the first motion to dismiss (ECF 11) should apply to Plaintiff's Amended Complaint (ECF 19), because a new motion to dismiss (ECF 25) directly addressing the Amended Complaint was filed.[4] *See Delgado v. S. Tire Mart, LLC*, No. SA–16–CA–01137–FB, 2017 WL 7805759, at *1 (W.D. Tex. Sept. 22, 2017) (denying as moot the defendant's original motion to dismiss when an amended complaint and motion to dismiss amended complaint were subsequently filed).

Accordingly, it is the RECOMMENDATION of the United States Magistrate Judge that the United States District Judge DENY AS MOOT the Motion to Dismiss Plaintiff's original Complaint (ECF 11).

---

[3] Birkenfeld joined in the new motion to dismiss (ECF 25). The undersigned reiterates that, as it relates to Amarillo Police Department, Plaintiff brings suit solely against the department itself. Neither the original Complaint nor the Amended Complaint contain allegations against Birkenfeld.

[4] By filing the Motion to Dismiss Plaintiff's Amended Complaint, Miller and Birkenfeld seemingly agree their first motion to dismiss is moot.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions, and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED November 18, 2021.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions, and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). *Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed* as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions, and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).