IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| KURT DUANE WILLIAMS, | § | |
| Plaintiff, | § § § | |
| v. | § § | 2:20-CV-285-Z-BR |
| JARRED MILLER et al., | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS TO GRANT MILLER AND BIRKENFELD'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Before the Court is Jarred Miller ("Miller") and Martin Birkenfeld's ("Birkenfeld"), as Chief of Police of Amarillo Police Department ("APD") in his individual and official capacities, motion to dismiss Plaintiff's Amended Complaint (ECF 25) and Plaintiff's response (ECF 31). Having considered the motion, the response, and other motions and papers on file[1], the undersigned United States Magistrate Judge recommends the motion to dismiss (ECF 25) be GRANTED.[2]

### I. FACTUAL AND PROCEDURAL BACKGROUND[3]

Defendants seized Plaintiff's vehicle at his residence in May 2020. (*See* ECF 19 at 1–2, 4, 7). Plaintiff seems to assert that some APD officers issued an "orange sticker" regarding his vehicle prior to the vehicle's seizure. (*See id.* at 2, 4). On or about June 25 or 26, 2020, Defendant Amarillo

---

[1] As addressed in this Recommendation, the undersigned reviewed Plaintiff's additional motions and documents, considering his pro se status, to determine if, when read in conjunction with his Amended Complaint, the pleadings as a whole state a complaint upon which relief could be granted. In making the findings below, the undersigned considered Plaintiff's Amended Complaint, as well as Plaintiff's additional motions and documents.

[2] The docket lists as defendants the parties directly named in Plaintiff's original Complaint (ECF 3)—Miller, Amarillo Police Department, and Amarillo Towing, Inc. Out of an abundance of caution, the undersigned also addresses Birkenfeld, because he joined in the motion to dismiss at issue, and the City of Amarillo.

[3] The Court takes its factual account from the Amended Complaint. (ECF 19).

Towing, Inc. ("Amarillo Towing") auctioned off the vehicle. (*Id.* at 7). Plaintiff seems to claim the seizure of his vehicle was unlawful because the "orange sticker" did not constitute a contract. (*See id*. at 5, 7). The Amended Complaint states APD, the "officers involved," and Amarillo Towing "disregarded the law of contract by treating the orange sticker as an invitation to treat, to be used as a contract to move the plaintiff's car." (*Id*. at 6). Plaintiff alleges violations of his civil rights under 42 U.S.C. § 1983. (*See id*. at 4).

Miller and Birkenfeld, as Chief of Police of Amarillo Police Department in his individual and official capacities, filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (ECF 25). Plaintiff filed a response. (ECF 31).

## II.  STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), the Court should dismiss a challenged claim if the plaintiff fails to provide both fair notice of the claim and plausible factual allegations to support the claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint provides fair notice when it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). But the Court does not accept conclusory statements as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). After disregarding any conclusory statements, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The plausibility standard demands more than "a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663. Admittedly, "[i]t is well-established that 'pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers.'" *Taylor v. Books A*

*Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)). But regardless of the plaintiff's pro-se status, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor*, 296 F.3d at 378 (quoting *S. Christian Leadership Conf. v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001)).

### III. ANALYSIS

#### A. Claims against APD

Plaintiff's claims against APD must be dismissed. "In order for a plaintiff to sue a city department, it must enjoy a separate legal existence." *Darby v. Pasadena Police Dept.*, 939 F.2d 311, 313 (5th Cir. 1991). In Texas, a police department, including a subdivision of the police department, does not have separate legal existence from the city itself. *Id.* at 314 ("The district court therefore did not err by holding that Darby's suit was brought against an entity [the police department] with no jural existence, and hence, subject to dismissal."). Accordingly, all claims against APD should be DISMISSED with prejudice.

#### B. Claims against Miller and Birkenfeld

The Amended Complaint does not allege any facts regarding Miller or Birkenfeld. Therefore, the Amended Complaint fails to state any claims against either Miller or Birkenfeld, and all claims against Miller and Birkenfeld should be DISMISSED with prejudice.

The Amended Complaint mentions Officers Grant, Grasier, and Wheeler. (*See* ECF 19 at 1, 6–7). If the Amended Complaint intended to hold Miller and Birkenfeld vicariously liable for any acts or omissions by Officers Grant, Grasier, and Wheeler, the law prohibits this. *Monell v. New York Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). To the extent Plaintiff sues Miller and Birkenfeld in their official capacity, those claims are addressed below. *See Kentucky v. Graham*,

473 U.S. 159, 166 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.").

### C. Claims against the City of Amarillo

Under 42 U.S.C. § 1983, a government entity cannot be liable for employing a person who violated someone's rights; it can only be liable for its own acts. *Monell*, 436 U.S. at 691. Municipal liability requires the plaintiff to show, "in addition to a constitutional violation, that an official policy promulgated by the municipality's policy maker was the moving force behind, or actual cause of, the constitutional injury." *James v. Harris Co.*, 577 F.3d 612, 617 (5th Cir. 2009). The Amended Complaint does not identify any official policies, practices, or customs. Therefore, any claims against the City of Amarillo should be DISMISSED.

### D. Opportunity to amend

Ordinarily a pro se plaintiff should be granted leave to amend his complaint prior to dismissal. However, leave to amend is not required when plaintiff "has already pleaded his 'best case.'" *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009). Here, Plaintiff was permitted to amend his original Complaint *after* the undersigned issued Findings, Conclusions, and Recommendation (now withdrawn) granting Miller and Birkenfeld's first motion to dismiss that detailed the original Complaint's deficiencies. (*See* ECF 19, 20). The undersigned reviewed Plaintiff's various other motions, objections, and correspondence with the Court, both before and after the undersigned granted him leave to amend his original Complaint; none cure the deficiencies in his Amended Complaint. (*See* ECF 12, 14, 15, 17, 21–23, 26, 28, 31, 33–39, 41). Accordingly, the undersigned finds Plaintiff has pleaded his best case and recommends the District Judge decline to grant Plaintiff further leave to amend his pleadings.

### E. Claims against Amarillo Towing

Assuming without deciding that the Amended Complaint properly alleges claims against Amarillo Towing, once the civil-rights claims above are dismissed, this Court's subject-matter jurisdiction would be lacking. "Every federal court should, on its own, ensure that subject-matter jurisdiction is present." *The Lamar Co., L.L.C. v. Miss. Transp. Comm'n*, 976 F.3d 524, 528 (5th Cir. 2020). Without those civil-rights claims, this case would be a Texas resident suing a Texas resident under—it appears—state-law. This would require the exercise of supplemental jurisdiction. 28 U.S.C. § 1367. Under supplemental jurisdiction, the Court's exercise of jurisdiction over state claims is discretionary. *Id.*

The "general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial, but this rule is neither mandatory nor absolute." *The Lamar Co.,* 976 F.3d at 528. In exercising its discretion, the Court first considers the "overall balance" of the statutory factors in 28 U.S.C. § 1367(c). *Enochs v. Lampasas Co.*, 641 F.3d 155, 159 (5th Cir. 2011). Then it considers the common-law factors of judicial economy, convenience, fairness, and comity. *Id.*

In this case, the overall balance of the statutory factors favors dismissal. *See* 28 U.S.C. § 1367(c). Without the federal civil-rights claims, there would only be state-law claims. *Id.* Also, the common-law factors—judicial economy, convenience, fairness, and comity—suggest dismissal. *Enochs*, 641 F.3d at 159. No discovery in this case has begun, and no prejudice would result. Given that the facts are only a year old, any claims could be brought in state court. Moreover, federal courts are courts of limited jurisdiction and should avoid meddling in purely state law. "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable

law." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (Brennan, J.). Having considered the relevant factors, the undersigned Magistrate Judge recommends that, if Amarillo Towing is the sole remaining defendant, the Court should decline to exercise supplemental jurisdiction and dismiss Plaintiff's claims against Amarillo Towing.

## IV.   RECOMMENDATION

For the reasons above, the United States Magistrate Judge RECOMMENDS to the United States District Judge that:

— Miller and Birkenfeld's Motion to Dismiss (ECF 25) be GRANTED;

— Plaintiff's state-law claims against Amarillo Towing be DISMISSED;

— Plaintiff's pending motions (ECF 12, 15, 17, 26, 34, 35, 37, 38, 41) be terminated; and

— Plaintiff be given no further opportunity to amend his pleadings.

## V.   INSTRUCTION FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions, and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED January 26, 2022.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions, and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions, and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), as recognized in *ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).